*101 JUSTICE TRIEWEILER
concurring and dissenting.
¶40 I concur with the majority’s conclusions that there was sufficient evidence to support the jury’s verdict and that the District Court did not abuse its discretion by admitting the testimony of Ken Baker.
¶41 However, I dissent from the majority’s conclusion that the District Court did not abuse its discretion when it refused to instruct the jury on the mental state required for negligent homicide. While the issue in this action may, as suggested in the majority Opinion, be limited to the State’s negligence, the State defended this action by contending that Bercier’s conduct was an unforeseeable accident. As the majority notes, foreseeability is necessary to establish duty which is an element of negligence and was presented to the jury by way of the State’s claim that there was an independent intervening cause.
¶42 The State concedes on appeal that “the intentional or accidental nature of the intervening act is clearly relevant” to foreseeability and that the purpose for offering Ken Baker’s testimony was to establish that Bercier’s conduct which caused Mark Samson’s death was merely an unforeseeable accident. However, the State’s position was inconsistent with its prior position when it prosecuted Bercier. In that case, the State contended and, in fact, accepted Bercier’s plea that his conduct exceeded the degree of culpability required for civil negligence. The State incarcerated Bercier because of that conduct.
¶43 When the State prosecuted Bercier and accepted, his guilty plea for negligent homicide, it established that he acted with the following degree of culpability:
[A] person acts negligently and with respect to a result or to a circumstance described by a statute defining an offense when the person consciously disregards a risk that the result will occur or that the circumstance exists or when the person disregards a risk of which the person should be aware that the result will occur or that the circumstance exists. The risk must be of a nature and degree that to disregard it involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor’s situation. “Gross deviation” means a deviation that is considerably greater than lack of ordinary care. Relevant terms, such as “negligent” and “with negligence”, have the same meaning.
Section 45-2-101(42), MCA (emphasis added).
¶44 In other words, while the State contended in this case that the occurrence in question was “accidental,” offered testimony from Bercier and Ken Baker to establish that fact, and contended that, therefore, it *102 could not have been foreseen, its position previously had been significantly different. In order to convict Bercier and imprison him, it alleged that his conduct was “considerably greater than lack of ordinary care.”
¶45 The misimpression given to the jury was compounded by the fact that the only definition of negligence the jury received was Instruction Number 10 which defined the standard of care in a civil proceeding. There, the jury was led to believe that negligence was simply a “lack of ordinary care.” It is no consolation to the plaintiff that the jury was told that Bercier pled guilty to negligent homicide if the only definition of “negligence” that it was given was specifically excluded from the statutory definition of negligent homicide.
¶46 The State concedes that the degree of Bercier’s culpability was relevant to the issue of foreseeability. The issue of foreseeability was relevant to the State’s negligence and the issue of causation. Therefore, the jury was entitled to know what the State’s position was regarding Bercier’s degree of culpability on a previous occasion under circumstances where it was not in the State’s interest to minimize his conduct. The State should not have been allowed to make up the facts as it went along based on its own interests. I conclude that because the jury was denied that information, the plaintiff was denied a fair trial. For these reasons, I dissent from the majority Opinion. I would reverse the judgment of the District Court and remand for a new trial with proper instructions to the jury.